Mark G. Gebo, Esq. Town Attorney, Southeast
You have asked whether one person simultaneously may serve as town attorney and as attorney for a sewer district and a water district, both located within the town. You note that the members of the town board serve as the "commissioners" of both districts. We assume by this that you mean only that these districts are not ones that opted to be governed by Article 13 of the Town Law.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
A special improvement district is a governmental device by which property owners in a designated geographical area bear the cost of a service provided for their benefit. Under the Town Law, these districts are administered by the town board (Town Law, Arts 12 and 12-A). They are not units of government. (See the Department of State's Local Government Handbook, 2nd Edition, 1976, pp 129-132.) There are a few districts operating under Article 13 of the Town Law with their own boards of commissioners. There may be other districts created by special act with their own governing bodies.
In the case of normal special districts, it is clear that there can be no incompatibility in serving as town attorney and as attorney for a special district. Indeed, a town attorney could properly provide legal advice to the town board on its powers and duties in administering the special districts in the town. This being so, it would be appropriate for the attorney to account for his time so that work done on a district problem would be charged as a cost to the district rather than to the town as a whole. The same result is reached if one attorney serves the town as town attorney and serves one or more districts as attorney for the district and is compensated by each as agreed upon.
Conceivably, a dispute could arise between a town board and the property owners of a district. In such a case, the town board would undoubtedly authorize special counsel to represent the district and charge the counsel's services to the district. This would apply whether the town attorney did all the work for the town board or held separate "appointments" as you are suggesting.
We conclude that one attorney may serve as town attorney and as attorney for one or more regular improvement districts located within the town.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.